Mr. Justice Clayton
delivered the opinion of the court.
This was an action brought against a surety upon a bond executed by the claimant of property under an execution. There was a special verdict for the damages assessed by the jury because the claim was made for fraudulent purposes; also for the costs in that proceeding. Judgment was given for the plaintiff for the damages and costs.
Two grounds of error are relied on for reversal. One is, that the property having been delivered up by the claimant after the trial, towards satisfaction of the judgment, and the same having been retained by the plaintiff, without sale by the sheriff, that amounted to actual satisfaction of the whole judgment. The statute expressly provides, that the value of the property assessed by the jury, shall determine the amount of credit to be given on the execution. H. & H. 655. In this case, the value *492 assessed by the jury was less than the amount of the execution. There is nothing in this point.
The other point is, that the costs of the proceeding on the trial of the right of property, cannot be recovered in this action on the bond of the surety. The statute requires the claimant to give bond to the plaintiff, with one or more sureties, conditioned for payment to the plaintiff, of all such damages as may be assessed against the claimant by a jury, in case the claim should be determined against him. H. & H. 634.
In general, costs are to be regarded as part of the damages. See Phillips v. Bacon, 9 East, 299; Cro. Jac. 69, 420. Yet a statute may be so framed as to exclude this construction. Pil-folcPs case, 10 Co. 116. We think the present statute is of that kind. The damages to be paid, are those assessed by the jury. The jury do not assess or tax the costs. That is the act of the clerk, under the direction of the court. They are not therefore, under this statute, included in the damages assessed by the jury, and cannot be recovered in this action.
If the condition had been simply for the payment of all damages sustained by the plaintiff, then the costs would properly have been included as part of the damages. Why the act was passed in this restricted form, we cannot say — we can look to the law only as it is written.
The judgment must be reversed, and this court proceeding to give a judgment on the special verdict, doth direct it to be entered for the fifty dollars damages, assessed by the jury, with interest from the time of such assessment' — but not for the costs.